**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KLAAS TALSMA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01385-O** |
| | § | |
| **WILLEMINA JACOBA DE BOER** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court are Klaas Talsma's Motion for and Brief in Support of Leave to File Interlocutory Appeal (the "Motion") (ECF No. 1-1), filed December 8, 2025; Willemina Jacoba De Boer's Response in Opposition to Appellant Talsma's Motion for Leave to File Interlocutory Appeal, (ECF No. 3) and Brief in Support (ECF No. 4), filed December 15, 2025; and Talsma's Reply Brief in Support of Motion for Leave to File Interlocutory Appeal (the "Reply") (ECF No. 5) filed December 17, 2025. Having considered the Motion, briefing, and applicable law, the Court **DENIES** the Motion.

## I. JURISDICTION

This is a motion to appeal a ruling by the United States Bankruptcy Court. The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This Court has jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158(a). Parties may appeal "other interlocutory orders" only with the Court's leave. *Id*. § 158(a)(3). The issue before the Court is whether it should grant such leave.

## II. BACKGROUND[1]

The pending Motion arises out of a divorce and subsequent bankruptcy proceedings that began almost two decades ago. The Bankruptcy Court's Order Denying Ms. De Boer's Motion for Entry of Final Judgment (the "Order") on November 20, 2025, summarized this history, and the Court finds no need to recount it again in detail here. 6–19, ECF No. 1-1.

In summation, on October 12, 2006, pursuant to an Agreed Final Decree of Divorce, De Boer and Talsma were divorced. That agreement provided that Talsma owed De Boer a total of $2.1 million. On June 1, 2010, Talsma filed for bankruptcy. De Boer filed an amended Proof of Claim for $2.015 million as a priority Domestic Support Obligation ("DSO") in the bankruptcy case on August 30, 2010. De Boer's claim was not disputed by Talsma. On May 9, 2011, Talsma filed his bankruptcy Plan (the "Plan"), which was approved by the Bankruptcy Court on June 8, 2011. The Plan treated De Boer's DSO claim as follows:

> The claim of the Class19 creditor [Ms. De Boer], shall be owed in the amount of $1.7 million and shall be paid in full, over one hundred twenty (120) months, with interest only for the first sixty (60) months, followed by sixty (6[0]) months in deferred cash payments, consisting of principal and interest, bearing interest from the Effective Date at prime plus one (1%) percent per annum.

The Plan made no reference to the remaining $315,000 balance of De Boer's DSO claim.

On May 18, 2012, De Boer filed a Complaint to Determine Dischargeability of Debt in the Bankruptcy Court, asking the Bankruptcy Court to find the $2.015 million amount owed to her to be non-dischargeable. On August 5, 2013, the Bankruptcy Court held, in relevant part, that the Plan bound Talsma and De Boer by its terms, meaning that Talsma bound himself to pay De Boer

---

[1] Unless otherwise stated, all details in this section are drawn from the Bankruptcy Court's Order (I) Denying Ms. De Boer's Motion for Entry of Final Judgment. (II) Determining the Post-Judgment Interest Rates Applicable to the Judgment Entered in Adversary Proceeding No. 12-14059. And (III) Continuing Mr. Talsma's Motion Seeking a Determination of the Amounts Due and Owing on the Judgment. 6-19, ECF No. 1-1.

$1.7 million pursuant to the terms of the Plan, and that the Plan had no effect on the reducing of De Boer's original, $2.015 million claim—Talsma stilled owed De Boer the remaining $315,000. On August 30, 2013, the Bankruptcy Court entered its Judgment (the "2013 Judgment") based on these findings.

Eleven years later, on June 20, 2024, De Boer filed a Motion for Revival of Judgment and Issuance of Writ of Scire Facias. On July 26, 2024, the Bankruptcy Court entered its Order Reviving Judgment, reviving the 2013 Judgment. De Boer then began various actions against Talsma to collect the remaining balance of the non-dischargeable claims from the 2013 Judgment. Talsma responded to De Boer's collection actions by filing a Complaint in the Bankruptcy Court requesting declaratory relief that (i) the Judgment is not a money judgment, and (ii) that the Order Reviving Judgment did not transform or convert the Judgment into a money judgment. After Talsma moved for Summary Judgment, the Bankruptcy Court held that (1) the 2013 Judgment constitutes both a declaratory judgment and a collectible money judgment enforceable against Talsma; and (ii) that the Order Reviving Judgment revived the judgment under Texas law.

After the denial of summary judgment, De Boer filed a Motion for Entry of Final Judgment and Talsma filed a Motion to Determine (a) the Post-Judgment Interest, and (b) the Amount Due and Owing on the Judgment. The Bankruptcy Court denied De Boer's Motion for Entry of Final Judgment so that the correct post-judgment interest rates applicable to the 2013 Judgment and the total amount due on the Judgment could be determined. The Bankruptcy Court then concluded that the Prime +1% interest rate applied to the $1.7 million portion of De Boer's claim against Talsma due to the clear language in the Plan and the 2013 Judgment's determination that Talsma was bound by the terms of the Plan. As to the remaining $315,000 portion of De Boer's claim, the Bankruptcy Court concluded, based on the parties' agreement, that the post-judgment interest rate

under 28 U.S.C. § 1961, of 0.14% applied. The Bankruptcy Court did not, however, determine the amount due and owing on the judgment due to a lack of evidence in the record and entered a continuance to a further dispositive motion or trial on the merits as to the amount due and owing on the judgment.

It is from this last order that Talsma appeals from.

## III. ISSUES ON APPEAL

1. Whether the Bankruptcy Court's Order is appealable as an interlocutory order under 28 U.S.C. § 158(a)(3).
2. If the Bankruptcy Court's Order is appealable, whether the Court should grant leave to appeal the Bankruptcy Court's Order under 28 U.S.C. § 158(a)(3).

## IV. STANDARD OF REVIEW

The Court has discretion to grant or deny leave to appeal the Bankruptcy Court's Order. *In re O'Connor*, 258 F.3d 392, 399–400 (5th Cir. 2001). "Bankruptcy interlocutory appeals are generally disfavored because they disrupt the bankruptcy proceedings." *Dean v. Reticulum Mgmt., LLC*, No. 3:20-cv-2531, 2020 WL 7046854, at *1 (N.D. Tex. Nov. 30, 2020) (citing *In re Cross*, 666 F.2d 873, 878 (5th Cir. Unit B 1982)). Furthermore, "[t]he moving party has the burden to demonstrate the need for interlocutory appeal." *Alex v. T-Mobile USA, Inc.*, No. 3:17-CV-1532, 2018 WL 11275541, at *1 (N.D. Tex. Apr. 16, 2018) (alteration added) (citing *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013)).

Importantly, the Court cannot review the Bankruptcy Court's discretionary factual determinations in an interlocutory appeal context. *See, e.g., Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, No. 3:10-CV-003, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011) ("Interlocutory appeal is not intended as a vehicle through which parties may assert that a court has applied

authority incorrectly.”). However, the Court may review the Bankruptcy Court Order for errors of law, such as applying an incorrect legal standard to reach its conclusion. *See, e.g.*, *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) (noting that the disputed scope of a legal standard could constitute an appealable controlling question of law).

## V. ANALYSIS

### A. Appealability of the Bankruptcy Court’s Order

28 U.S.C. § 158(a) details three circumstances in which district courts may permissibly consider bankruptcy appeals. First, parties may appeal as of right “from final judgments, orders, and decrees” of bankruptcy courts. 28 U.S.C. § 158(a)(1). Second, parties may appeal as of right “from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title.” *Id*. § 158(a)(2). Third, parties may seek “leave of the court” to appeal “other interlocutory orders and decrees of bankruptcy judges.” *Id*. § 158(a)(3).

The parties agree that the Bankruptcy Court Order is “interlocutory,” and thus the Court must consider the appeal pursuant to 28 U.S.C. § 158(a)(3).[2]

### B. Propriety of Granting Leave to Appeal

Although no binding authority dictates what standard district courts must apply to determine whether to grant leave to appeal, the Fifth Circuit has acquiesced to the application of the 28 U.S.C. § 1292(b) standard in the context of bankruptcy interlocutory appeals. *In re Ichinose*, 946 F.2d at 1177. Because the parties agree that the § 1292(b) standard applies, the Court adopts it here.[3] Under § 1292(b), a court should grant leave to appeal if (1) a “controlling issue of law” is

---

[2] *See* Talsma Br. Supp. Mot. for Leave to File Interlocutory Appeal ¶ 3, ECF No. 1-1; De Boer Brief in Support of Response at ¶ 7, ECF No. 4.

[3] *See* Talsma Br. Supp. Mot. for Leave to File Interlocutory Appeal ¶ 32, ECF No. 1-1; De Boer Br. Supp. of Resp. ¶ 11, ECF No. 4.

involved, (2) the question is one where there is "substantial ground for difference of opinion," and (3) an immediate appeal would "materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d at 1177 (citation omitted). § 1292(b) requires satisfaction of each of the three statutory criteria. The Court finds that the Motion fails to satisfy the third element. Because failing any of the three elements is dispositive, the Court need not address the first two.

Talsma presents four questions of law: (i) whether a contractual obligation to pay money is merged into a final collectible money judgment derived from the same contractual obligation, or whether the contractual obligation continues to exist after a final, collectible money judgment has been entered on the obligation such that the judgment creditor may continue to pursue the claim under the contract while simultaneously seeking to collect the money judgment; (ii) whether a collectible money judgment entered in bankruptcy court must bear the statutory post-judgment rate of interest prescribed by 28 U.S.C. § 1961 if the underlying contractual obligation does not contain clear and unequivocal language that the parties agreed to a post-judgment rate of interest that is different that the statutory rate; (iii) when did post-judgment interest begin to accrue on the 2013 Judgment; and (iv) did the bankruptcy court award any prejudgment interest in the 2013 Judgment.[4]

Talsma claims that immediate appellate review will materially advance the litigation because finding for him on each of the four legal questions will end the nineteen-year-old battle between the parties.[5] But the Order, if left in place, leaves the case one phase away from a final resolution. The Order (i) determined that the 2013 Judgment is a declaratory judgment and a collectable money judgment that was revived in 2024; (ii) determined the applicable post-judgment interest rates for each portion of De Boer's claim against Talsma; and (iii) allowed

[4] Talsma Br. Supp. Mot. for Leave to File Interlocutory Appeal ¶ 1, ECF No. 1-1
[5] *Id*. at ¶ 39

Talsma to amend his complaint to frame a declaratory count on the amount he owes De Boer. All that remains is for the parties to complete discovery on how much Talsma has paid De Boer to this point, followed by a determination as to how much Talsma owes on summary judgment or a short trial.

Section 1292(b) "requires that an 'immediate appeal [may] materially advance the end of the litigation'" such that this Court's decision on interlocutory appeal "could 'abbreviate [the [lower court] proceedings] significantly.'" *Silverthorne Seismic, L.L.C. v. Sterling Seismic Services, Limited*, 125 F.4th 593, 601 (5th Cir. 2025) (quoting *United States v. Bear Marine Servs.*, 696 F.2d 1117 (5th Cir. 1983)). This interlocutory appeal "would not do that" as "the parties will [still] continue [to trial or summary judgment] whether this court weighs in." *Id.* While granting the interlocutory appeal may shorten a post-judgment appeal if the Order is incorrect, "§ 1292(b) requires that an interlocutory appeal shorten the proceedings in the [lower] court, not on post-judgment appeal." *Id.* Granting an interlocutory appeal here would trade one simple phase in the Bankruptcy Court for an appeal in this Court, followed by a remand to the Bankruptcy Court. This would not "materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d at 1177 (citation omitted). For these reasons, the Court sees no need to entertain an appeal that would be inefficient.

## VI. CONCLUSION

For the foregoing reasons, the Court finds that Talsma does not meet the third factor of 28 U.S.C. § 1292(b). Therefore, exercising its discretion, the Court concludes that interlocutory review under 28 U.S.C. § 158(a)(3) would be inappropriate and inefficient. The Court thus **DENIES** the motion for leave to appeal.

**SO ORDERED** on this **11th day** of **September, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE